IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| TELESMART, INC., | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170320N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Telesmart Inc. (Telesmart) appeals Defendant's Notice of Liability, dated July 7, 2017,

determining that it is liable for the tax debts of Telesmart Networks Inc. (TNI) for the 2008 and

2010 through 2013 tax years. (Compl at Ex 1.) Defendant did not file an answer to Telesmart's

Complaint. The court sent the parties a letter on November 13, 2017, regarding Defendant's

failure to file an answer. Telesmart filed a Motion for Default (Motion) on November 16, 2017.

Defendant did not respond to either the court's letter or Telesmart's Motion. The court entered

an Order of Default on December 4, 2017, and scheduled this matter for an evidentiary hearing

by telephone on January 10, 2018. Dale R. Kennedy, an Oregon attorney, appeared on behalf of

Telesmart. Brian Lynott (Lynott), Telesmart's sole shareholder, testified on behalf of Telesmart.

Defendant did not appear or submit exhibits. Telesmart submitted Exhibits 1 to 16.

## I. STATEMENT OF FACTS

In 1997, during his sophomore year of college, Lynott started working part time for

Legacy Phone Services, which installed phone systems in offices with features including

---

[1] This Final Decision incorporates without change the court's Decision, entered March 20, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

extensions, voicemail, and menu numbers.[2]  He learned the business and, after finishing college, started TNI with his college friends, Mark Bilton-Smith and Yaniv Livneh (Livneh).[3]  (*See* Ptf's Ex 2.)  At some point, individuals named Sanjay and Allen became involved with TNI.[4]  TNI sold phone systems to businesses in the greater Portland area.  The majority of its work involved installing phone systems in offices, which Lynott described as providing "hardware-based solutions."  For example, TNI installed over 500 phones for one of its clients, Doc Martens.  TNI set up the phones and trained the employees.  Within TNI, Lynott was responsible for sales and marketing, while the others were primarily responsible for installing hardware and wiring.  TNI operated out of an office it leased on SW Nimbus Avenue in Beaverton.

Everything went well for TNI until the recession in 2009.  The market was moving away from hardware, but Lynott did not think his partners recognized that.  In 2009, Lynott began working for his father in real estate development and house flipping.  In 2011, TNI stopped paying its rent and the shareholders were locked out of their office.  TNI's vendors went unpaid and lawsuits were threatened.  Lynott attempted to dissolve TNI by sending a letter to the Secretary of State, but it was not accepted due to outstanding tax returns.  Lynott and Livneh experienced conflict over TNI beginning in 2009.  In 2011, Livneh continued to service some of TNI's contracts through his own company.

---

[2] Lynott was the sole witness at trial; all facts recited in the Statement of Facts are based upon Lynott's testimony unless otherwise noted by a citation to an exhibit or pleading.

[3] Yaniv Livneh operated as an agent of TeleData Technologies, which formed a partnership with TNI.  (*See* Ptf's Ex 2.)

[4] Lynott testified that Sanjay was a shareholder, but the documentary evidence contains no such reference. (*See* Ptf's Ex 3 (original Articles of Incorporation, filed February 2, 2001, authorizing 10,000 shares of common stock); Ptf's Ex 4 (Restated Articles of Incorporation, dated April 10, 2002, authorizing 10,000,000 shares of class B common stock (founders shares) and 5,000,000 shares of class A common stock); Ptf's Ex 7 (Capitalization Statement as of February 20, 2004, listing the owners of Founder Shares, Class B Stock as Mark Bilton-Smith, Yaniv Livneh, and Lynott, and the owners of Class A Stock as Paul Bilton-Smith, Angie Humphrey, and Rami Kassab).)

Lynott continued working for his father until around 2013, at which point he began his new, "software-based" business within the telecommunications industry. That business, Telesmart, provides services including "least cost routing," "call recording," and "ad tracking." Its customers already have phone systems and pay Telesmart a monthly fee for services. Unlike TNI, Telesmart's customer base is worldwide — most customers are in the U.S. and Canada, but some are international offices and call centers. Telesmart's platform is cloud-based and Lynott operates it from his home office, first in Government Camp and subsequently in Portland. (*See* Ptf's Ex 10 at 1.) Lynott is the sole shareholder and employee of Telesmart. He filed articles of incorporation and received an employer identification number from the IRS that is distinct from TNI. (*See* Ptf's Exs 10, 11, 13.) Lynott initially tried to use a different name for the business, but it was taken. He discovered he still had access to the TNI domain name, so he used Telesmart; in hindsight, he would have picked a different name.

Defendant issued a Notice of Liability to Telesmart on July 7, 2017, stating: "Based on the information in our records, we determined that you're responsible for the following tax debt." (Compl, Ex 1 at 1.) The tax debt identified was that of TNI. (*Id.*)

## II. ANALYSIS

The issue before the court is whether Telesmart is a "reorganized business entity" of TNI and, as such, is liable for its tax debts for the 2008 and 2010 through 2013 tax years. As the party seeking affirmative relief, Telesmart bears the burden of proof by a preponderance of the evidence. ORS 305.427.[5] "Preponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).

///

_____

[5] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

Pursuant to ORS 305.330(2), the Department of Revenue may transfer a state tax liability "from the business entity that incurred the liability to a reorganized business entity and may assess those amounts against the reorganized business entity." A " 'reorganized business entity'

"(a) Means a business entity that, while operating substantially the same business as another entity that incurred a liability for taxes, interest or penalties administered by the Department of Revenue, has been converted to a different form of business entity from that of the entity that incurred the liability or has changed ownership from that of the entity that incurred the liability; and

"(b) Does not include a business entity that is converted to a different form or that has changed ownership solely because of a transfer of assets or because of a transfer or an interest of an investor who has no right to manage the business entity, including, but not limited to, the interest of:

"(A) A person that is solely a minority shareholder in a corporation;

"(B) A member of a manager-managed limited liability company; or

"(C) A limited partner of a limited partnership that does not participate in the control of the business of the limited partnership."

ORS 305.330(1). When determining whether a business entity is a reorganized business entity, the Department of Revenue may consider whether the business entity

"(a) Operates from the same physical location as did the taxpayer owing the debt.

"(b) Provides the same services or manufactures the same products as did the taxpayer owing the debt.

"(c) Has one or more of the same:

"(A) Corporate directors or officers as did the taxpayer owing the debt.

"(B) Owners or holders of a direct or indirect interest in the business entity as did the taxpayer owing the debt."

ORS 305.330(3). That list of factors is non-exhaustive. (*See id.*)

/ / /

/ / /

A.      *Physical Location*

The first factor concerns whether the business locations of the two entities are the same. TNI operated from an office on SW Nimbus Avenue in Beaverton until it ceased paying its rent in 2011.  Telesmart operates from Lynott's home office, initially located in Government Camp and subsequently in Portland.  This factor supports a finding that Telesmart is *not* a reorganization of TNI under ORS 305.330.

B.      *Products and Services*

The second factor concerns whether the two entities provide the same products and services.  Broadly, TNI and Telesmart each operate within the telecommunications industry. However, TNI provided hardware — installing phone systems in offices — whereas Telesmart provides cloud-based software services — routing, recording, and ad tracking services. This factor supports a finding that Telesmart is *not* a reorganization of TNI under ORS 305.330.

C.      *Directors, Officers, and Owners*

The third factor concerns whether the two entities had common corporate directors, officers, or owners.  Here, Lynott is a common shareholder to both TNI and Telesmart.  This factor supports a finding that Telesmart is a reorganization of TNI under ORS 305.330.

D.      *Additional Factors*

Plaintiff emphasized one additional factor: the customer base of each entity.  TNI's customers were located in the greater Portland area, extending as far north as Vancouver, Washington, and as far east as Bend, Oregon.  By contrast, Telesmart's customers are located worldwide.  The court notes an additional factor: timing.  Notwithstanding Livneh's activities with respect to some of TNI's contracts, TNI ceased operations in 2011 and Lynott went to work for his father in real estate development.  Lynott did not form Telesmart until 2013, suggesting

that he did not simply transfer the assets of TNI to Telesmart and continue the same activities without interruption. Those additional factors support a finding that Telesmart is *not* a reorganization of TNI under ORS 305.330.

### III. CONCLUSION

The majority of the factors under ORS 305.330 and the additional factors considered by the court support a finding that Telesmart is *not* a reorganization of TNI under ORS 305.330. Accordingly, Telesmart's appeal should be granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted.

Dated this ____ day of April 2018.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on April 6, 2018.*